972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan Howard BLAIR, Petitioner-Appellant.,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-55057.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.*
Decided July 22, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and LYNCH**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Alan Blair, proceeding pro se, appeals the denial of his § 2255 petition. Appellant was convicted of two of the seven charges of fraud contained in his 1984 indictment. Appellant was extradited from Great Britain to face only those two counts and not the remaining five. Appellant contends that he was in fact tried on not only the first two counts, but the remaining ones as well, in violation of the Rule of Specialty.
 
 
 4
 The Rule of Specialty prohibits a requesting nation from prosecuting an extradited individual for any offense other than that for which the surrendering state agreed to extradite. United States v. Van Cauwenberghe, 827 F.2d 424, 428 (9th Cir.1987) (quoting Quinn v. Robinson, 783 F.2d 776, 783 (9th Cir.), cert. denied, 479 U.S. 882 (1986)). The doctrine is based on international comity, and its protections exist only to the extent that the surrendering country wishes. United States v. Najohn, 785 F.2d 1420, 1422 (9th Cir.), cert. denied, 479 U.S. 1009 (1986). As such, an extradited party may be tried for a crime other than that for which he was surrendered if the asylum country consents. Van Cauwenberghe, 827 F.2d at 428; Najohn, 785 F.2d at 1422. The consent of the surrendering country is controlling, both during and following the extradition.
 
 
 5
 Prior to trial, appellant moved to dismiss Counts One and Two as violative of the limits imposed in the extradition. Upon notification of appellant's motion, the British Home Office replied: "[T]he United Kingdom would not object to a prosecution based on counts 1 and 2 of the indictment."
 
 
 6
 Additionally, Great Britain's refusal to extradite on Counts Three to Seven (second victim) does not equate with a requirement that appellant not be tried on any charge in which the counts based on fraud perpetrated on a second victim are merely mentioned for the following reasons.
 
 
 7
 First, the British authorities possessed the indictment during the extradition proceedings. As a result, there is no basis to speculate that their refusal to extradite on certain charges carried an additional, unspoken requirement that extraditable charges be redacted of the second victim's name.
 
 
 8
 Second, the specific offenses charged in Counts One and Two of the indictment explicitly relate only to the first victim. The jury instructions also made it perfectly clear that the appellant was only being prosecuted for his conduct relating to Roger Biard and that the jury must confine its deliberations to the fraud on that victim:
 
 
 9
 [i]f you find that any defendant is not guilty of the acts charged concerning Roger Biard [victim one], then you must find that defendant not guilty even if you believe that he may have engaged in improper conduct relating to [victim two] ... or anyone else.
 
 
 10
 These factors clearly demonstrate that Blair's conviction was based solely on the charges for which he was properly extradited, and thus the decision below is AFFIRMED.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Court notes that it expresses no opinion on the issue as to whether Mr. Blair procedurally defaulted on his claim by failing to file a direct appeal